Stefanie **HIRT**, Barbara Seay, Ann Nussbaum, Susan Chwast, and Loretta Ronzca, Plaintiffs–Appellants–Cross–Appellees,

v.

The **EQUITABLE RETIREMENT PLAN FOR EMPLOYEES, MANAGERS AND AGENTS** and The Officers Committee On Benefit Plans, as Plan Administrator, Defendants–Appellees–Cross–Appellants.

Nos. 06–4757–cv (L), 06–5190–cv (XAP).

United States Court of Appeals, Second Circuit.

July 9, 2008.

See also, 533 F.3d 102.

Edgar Pauk, New York, NY, for Plaintiffs–Appellants.

Kenneth S. Geller (Craig W. Canetti, on the brief), Mayer, Brown, Rowe & Maw LLP, Mark D. Wincek, Kilpatrick Stockton LLP, Washington, DC, Wilber H. Boies, Nancy G. Ross, McDermott, Will & Emery LLP, Chicago, IL, for Defendants–Appellees.

Kent A. Mason and Jason K. Bortz, Davis & Harman LLP, Washington, DC, for Amici Curiae American Benefits Council, AT & T Corp., Business Roundtable, BP America Inc., El Paso Corporation, Honeywell International Inc., Mercer Human Resource Consulting, Inc., Watson Wyatt Worldwide, and Xerox Corporation.

Carol Connor Flowe and Gretchen Dixon, Arent Fox LLP, Washington, DC, and Robin S. Conrad and Shane Brennan, National Chamber Litigation Center, Washington, DC for Amicus Curiae Chamber of Commerce of the United States of America. .

Jeffrey Lewis and Vincent Cheng, Lewis, Feinberg, Lee, Renaker & Jackson, P.C., Oakland, CA, Stephen R. Bruce and Allison C. Caalim, Stephen R. Bruce Law Offices, Washington, DC, Lynn Lincoln Sarko, Derek Loeser, Amy Williams–Derry, and Karin Swope, Keller Rohrback, LLP, Seattle WA, and Marissa M. Tirona, National Employment Lawyers Association, San Francisco, CA, for Amicus Curiae National Employment Lawyers Association.

Eli Gottesdiener, Gottesdiener Law Firm, PLLC, Brooklyn, NY, for Amicus Curiae Pension Rights Center.

Jeffrey P. Englander, Morrison Cohen LLP, New York, NY, for Amicus Curiae Young Women's Christian Association Retirement Fund, Inc.

Present: Hon. DENNIS JACOBS, Chief Judge, Hon. AMALYA L. KEARSE, Hon. ROBERT A. KATZMANN, Circuit Judges. ...

## SUMMARY ORDER

Plaintiffs, all long-term employees, managers, and agents of The Equitable Life Assurance Society of America ("Equitable"), filed suit in the Southern District of New York challenging various aspects of Equitable's defined benefit pension plans under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* We write a separate opinion today addressing plaintiffs' claim that, in providing benefits under a "cash balance" system, defendants violated ERISA's rule against age-based reductions in the rate of benefit accrual, as that rule applied prior to the amendment that took effect as of June 29, 2005. *See* ERISA § 204(b)(1)(h), 29 U.S.C. § 1054(b)(1)(H). We address here plaintiffs' claims that defendants failed to sufficiently notify them of amendments to the defined benefit plans, as required by ERISA § 204(h), 29 U.S.C. § 1054(h). We assume familiarity with the facts and procedural history on appeal.

Very generally, through a series of three amendments from 1988 until 1992, Equitable modified the pension plans it offered to employees, managers, and agents, converting them from traditional defined benefit plans, which based benefits on a function of final salary and years of service, to a single cash balance plan, measuring benefits by accruing credit annually in a hypothetical account and converting the fictional "balance" into an annuity or the actuarial equivalent thereof. Plaintiffs filed suit on August 23, 2001, claiming, *inter alia,* that the amendments did not satisfy the requirements of ERISA § 204(h) as it was then in effect, which stated that a defined benefit plan "may not be amended so as to provide for a significant reduction in the rate of future benefit accrual, unless, after adoption of the plan amendment and not less than 15 days before the effective date of the plan amendment, the plan administrator provides a written notice, setting forth the plan amendment and its effective date, to ... each participant in the plan." 29 U.S.C. § 1054(h)(1)(A) (1997). Addressing cross-motions for summary judgment, the district court determined that Equitable provided sufficient notice under ERISA § 204(h) as a matter of law for all but one of the amendments at issue, and that Equitable provided insufficient notice as a matter of law for the amendment that was implemented on January 1, 1991. In a subsequent ruling, the district court found all of plaintiffs' notice-based claims time-

barred under the six-year limitations period applicable to claims under ERISA § 204(h) in New York,[1] which the district court found had been triggered by the distribution of the 1992 summary plan document ("SPD").

We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to plaintiffs and drawing all reasonable inferences in their favor. *See, e.g., Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan,* 201 F.3d 44, 47 (2d Cir.1999). As the district court correctly explained, "[a] plaintiff's ERISA cause of action accrues, and the six-year limitations period begins to run, when there has been a repudiation by the fiduciary which is *clear* and made known to the beneficiaries." *Miles v. New York State Teamsters Conference Pension and Ret. Fund Employee Pension Ben. Plan,* 698 F.2d 593, 598 (2d Cir.1983) (internal quotation marks omitted) (emphasis in original). Although the limitations period generally begins to run when a participant's application for benefits is denied, we have held that "a cause of action under ERISA accrues upon a clear repudiation by the plan that is known, or should be known, to the plaintiff-regardless of whether the plaintiff has filed a formal application for benefits." *Carey,* 201 F.3d at 47–48.

We agree with the district court that the distribution of the 1992 SPD constituted a clear repudiation of any pre-amendment benefits that plaintiffs could possibly claim. We have emphasized "the central role that the SPD plays in communicating the terms of a plan to its members." *Frommert v. Conkright,* 433 F.3d 254, 265 (2d Cir.2006). In this case, the SPD plainly and accurately described the pension plan as it then applied to employees, managers, and agents with various terms of service. It distinguished between pre–1989 and post–1989 benefits for employees and managers and between pre–1993 and post–1993 benefits for agents. To the extent that a plan participant had received insufficient notice of a plan amendment or otherwise considered himself entitled to benefits other than those disclosed in the SPD, the SPD "unequivocally repudiated" that understanding, *Carey,* 201 F.3d at 49. Accordingly, any claim that participants received insufficient notice of the 1988–1992 amendments accrued upon the distribution of the 1992 SPD in December 1992, and plaintiffs' 2001 claims were therefore untimely.

Having determined that the ERISA § 204(h) claims were time-barred, we need not reach the district court's disposition of the claims on the merits, and we dismiss the cross-appeal as moot.

For the foregoing reasons, the judgment of the district court finding plaintiffs' notice-based claims barred by the statute of limitations is hereby **AFFIRMED.**

---

1. The parties do not dispute the application of the six-year statute of limitations period. *See Miles v. New York State Teamsters Conference Pension and Ret. Fund Employee Pension Ben. Plan,* 698 F.2d 593, 598 (2d Cir.1983) (applying a six-year statute of limitations to ERISA civil enforcement actions under 29 U.S.C. § 1132).

